**REESE LLP**
Michael R. Reese (SBN 206773)
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Email: mreese@reesellp.com

*Attorney for Plaintiff and the Putative Classes*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HALEY CANADAY individually and on behalf of all others similarly situated, | Case No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| REYNOLDS CONSUMER PRODUCTS, INC. and REYNOLDS CONSUMER PRODUCTS, LLC, | |
| Defendants. | |

1

**CLASS ACTION COMPLAINT**

## CLASS ACTION COMPLAINT

Plaintiff, Haley Canady ("**Plaintiff**"), on behalf of herself and all others similarly situated, brings this class action against Defendants, Reynolds Consumer Products, Inc. and Reynolds Consumer Products, LLC, ("**Defendants**" or "**Reynolds**"), and alleges on personal knowledge, investigation of her counsel, and on information and belief as follows:

## INTRODUCTION

1.      Reynolds offers a variety of consumer good products, including different types of trash bags.

2.      At all relevant times hereto, Reynolds sells trash bags under the "Hefty" brand-name.

3.      Specifically, Reynolds sells Hefty "Recycling" trash bags to consumers in California and throughout the United States through online commerce, big box retailers and chain grocery stores.

4.      The Hefty "Recycling" trash bags are sold in 13- and 30-gallon sizes (hereinafter the "**Products**"). Both sizes are sold in packaging as listed below:



CLASS ACTION COMPLAINT

5.      As depicted, Reynolds prominently advertises the word "RECYCLING" on the front label of the Products with an eye-catching green background and white, capitalized font. Next to the representation is an image of a trash bag filled with recyclable waste and plastics.

6.      On the back of the label of the Products (pictured below), Defendants represent that Hefty Recycling bags are "PERFECT FOR ALL OF YOUR RECYCLING NEEDS":



7.      The back label of the Products also represents, "DESIGNED TO HANDLE ALL TYPES OF RECYCABLES."

8.      Furthermore, Defendants' website provides further representations, including that Hefty "Recycling" trash bags are suitable for recycling, stating that they "[r]educe your environmental impact" and are "designed to handle your heaviest recycling jobs." Defendants also state, "These transparent bags make it easy to sort your recyclables and avoid the landfill."

9.      Despite Defendants' representations, the Products are not recyclable at California materials recovery facilities ("MRFs") and are not suitable for the disposal of recyclable products at MFRs.

**CLASS ACTION COMPLAINT**

10. The Products are made from low-density polyethylene and are not recyclable at MFRs.

11. Nearly 90% of plastic waste is not recycled, with billions of tons of plastic becoming trash and litter. As consumers become increasingly aware of the problems associated with plastic waste, they are increasingly susceptible to marketing claims reassuring them that the plastic used to make and package the products that they purchase are recyclable. Many consumers concerned with the proliferation of plastic waste actively seek to purchase products that are either compostable or recyclable to divert such waste from the ocean and landfills. Seeking to take advantage of consumers' concerns, Defendants' market and sell the Products as "recyclable", when the Products cannot in fact be recycled.

12. Despite Defendants' marketing and advertising of the Products as recyclable, Defendants know that the Products typically end up in landfills. Defendants' representations that the Products are recyclable are material, false, misleading and likely to deceive members of the public. These representations also violate California's legislatively declared policy against misrepresenting the characteristics of goods and services.

13. Plaintiff purchased the Products in reliance on Defendants' false representations that the Products are recyclable. Plaintiff viewed Defendants' false representations on the labels and other marketing materials for the Products. If Plaintiff had known that the Products were not recyclable, Plaintiff would not have purchased the Products and would have instead sought out different products that are recyclable. At a minimum, she would not have paid as much as she did if she knew the Products could not be recycled.

14. Defendants' misconduct constitutes violations of California's Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750 *et seq.*; violations of California's False

**CLASS ACTION COMPLAINT**

Advertising Law ("FAL"), and California's Unfair Competition Law ("UCL"); Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*; Illinois Uniform Deceptive Trade Practice Act 815 ILCS 510/1 *et seq.*; and common law fraud.

15.     Plaintiff and the Class seek an order enjoining Defendants' acts of unfair competition and other unlawful conduct, an award of damages to compensate them for Defendants' acts of unfair competition, false and misleading advertising, and breaches of warranty, and restitution to the individual victims of Defendants' fraudulent, unlawful and unfair acts and practices.

## **THE PARTIES**

16.     Plaintiff Canaday is a resident and citizen of California residing in San Diego County, California. She purchased the Products on numerous occasions during all applicable statute of limitations periods at Wal-Mart in California, including in San Diego, California. Plaintiff is concerned about the environment and seeks out products that are compostable and recyclable so that she can minimize her impact on the environment in general and on the country's plastic waste problems in particular. Therefore, Plaintiff specifically selected the Products in reliance on Defendants' representations that the Products are recyclable. The false representations are located on the labels and other marketing materials for the Products. Had Plaintiff known that the Products are not recyclable in California, she would not have purchased the Products or would not have paid as much as she did for the Products.

17.     Plaintiff purchased the Products because she believed they were recyclable. Plaintiff remains in the market for recyclable bags, and continues to shop at locations where the Products are sold. If the Products were actually recyclable, Plaintiff would purchase the Product again in the immediate future. But at the moment, Plaintiff is unable to rely on the labels. If the

**CLASS ACTION COMPLAINT**

Court were to issue an injunction ordering Defendants to comply with the state and federal laws, and prohibiting Defendants' use of the deceptive practices discussed herein, Plaintiff would likely purchase the Products again in the near future.

18. Defendant Reynolds Consumer Products, Inc. is a publicly traded corporation organized and existing under the laws of Delaware, with its principle place of business located in Lake Forest, Illinois. It is the parent company of Defendant Reynolds Consumer Products, LLC.

19. Defendant Reynolds Consumer Products, LLC is a company organized and existing under the laws of the state of Delaware, with its principle place of business located in Lake Forest, Illinois. It is a wholly-owned subsidiary of Reynolds Consumer Products, Inc. and owns the "Hefty" trademark.

20. On information and belief, in committing the wrongful acts alleged herein, Defendants, in connection with their subsidiaries, affiliates, and/or other related entities and their employees, planned, participated in and furthered a common scheme to induce members of the public to purchase the Products by means of false, misleading, deceptive and fraudulent representations, and Defendants participated in the making of such representations in that it disseminated those misrepresentations or caused them to be disseminated.

21. Plaintiff reserves the right to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Defendants who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

**CLASS ACTION COMPLAINT**

## JURISDICTION AND VENUE

22.     This Court has personal jurisdiction over Defendants as they are headquartered in the District.

23.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.§ 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more putative Class Members, (ii) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one Plaintiff and Defendants are citizens of different states. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

24.     Pursuant to 28 U.S.C. § 1391(b), venue is proper because Defendants reside in this District.

## FACTS COMMON TO ALL CLASS MEMBERS

25.     Less than 10 percent of American plastic waste is recycled.[1] In all, the United States contributed up to 2.24 million metric tons into the environment in 2016, and of that, more than half—1.5 million metric tons—was along coastlines, meaning it had a high probability of slipping into the oceans.[2] Although the U.S. accounted for just 4 percent of the global population in 2016, it generated 17 percent of all plastic waste.[3]

26.     The staggering amount of plastic waste accumulating in the environment is accompanied by an array of negative side effects. For example, plastic debris is frequently ingested by marine animals and other wildlife, which can be both injurious and poisonous. Floating plastic is also a vector for invasive species, and plastic that gets buried in landfills can

---

[1] https://www.nationalgeographic.com/environment/article/us-plastic-pollution
[2] Id.
[3] Id.

**CLASS ACTION COMPLAINT**

leach harmful chemicals into ground water that is absorbed by humans and other animals. Plastic litter on the streets and in and around our parks and beaches also degrades the quality of life for residents and visitors. More recently, scientists have discovered that plastic waste releases large amounts of methane, a powerful greenhouse gas, as it degrades. Thus, plastic waste is also thought to be a significant potential cause of global climate change. Consumers, including Plaintiff, actively seek out products that are recyclable to prevent the increase in global waste and to minimize their environmental footprint.

27.     The Legislature of the State of California has declared that "it is the public policy of the state that environmental marketing claims, whether explicit or implied, should be substantiated by competent and reliable evidence to prevent deceiving or misleading consumers about the environmental impact of plastic products." Cal. Pub. Res. Code § 42355.5. The policy is based on the Legislature's finding that "littered plastic products have caused and continue to cause significant environmental harm and have burdened local governments with significant environmental cleanup costs." Id. § 42355(a).

28.     The California Business and Professions Code § 17580.5 makes it "unlawful for any person to make any untruthful, deceptive, or misleading environmental marketing claim, whether explicit or implied." Pursuant to that section, the term "environmental marketing claim" includes any claim contained in the Guides for use of Environmental Marketing Claims published by the Federal Trade Commission (the "Green Guides"). Ibid; see also 16 C.F.R. § 260.1, et seq. Under the Green Guides, "[i]t is deceptive to misrepresent, directly or by implication, that a product or package is recyclable. A product or package shall not be marketed as recyclable unless it can be collected, separated, or otherwise recovered from the waste stream

CLASS ACTION COMPLAINT

through an established recycling program for reuse or use in manufacturing or assembling another item." 16 C.F.R. § 260.12(a).

29.     The Green Guides' definition of "recyclable" is consistent with reasonable consumer expectations. For instance, the dictionary defines the term "recycle" as: (1) convert (waste) into reusable material, (2) return (material) to a previous stage in a cyclic process, or (3) use again. Oxford Dictionary, Oxford University Press 2018. Accordingly, reasonable consumers expect that products advertised, marketed, sold, labeled and/or represented as recyclable will be collected, separated or otherwise recovered from the waste stream through an established recycling program for reuse or use in manufacturing or assembling another item.

30.     In an attempt to take advantage of consumers' concerns with respect to the environmental consequences caused by such products, Defendants advertise, market and sell the Products as for "Recycling." As shown above, these claims are uniform, consistent and prominently displayed on each of the Products' labels.

31.     Like most plastic bags, the Products are made of low-density polyurethane, thus they do not differ in any significant way from the millions of other plastic bags that people receive at grocery stores and other retail outlets.

32.     Despite prominently claiming to be for "Recycling", many municipalities, including San Diego, do not accept plastic bags—such as the Products—for recycling.[4] As a result, they cannot be recycled.

33.     Environmentally motivated consumers who purchase the Products in the belief that they are recyclable are thus unwittingly hindering recycling efforts. Moreover, Plaintiff and consumers have no way of knowing whether the Products are actually segregated from the

---

[4] *See https://www.sandiegocounty.gov/content/sdc/dpw/recycling/Plastic.html*

**CLASS ACTION COMPLAINT**

general waste stream, cleaned of contamination, or reused or converted into a material that can be reused or used in manufacturing or assembling another item.

34.     Most consumers believe that if their Products are recyclable based on Defendants' representations. However, the Products will end up in a landfill as they cannot be recycled by MRFs in the United States, including those in California. Defendants' representations that the Products are recyclable are therefore per se deceptive under the Green Guides and under California law.

35.     Rather than accurately advertise its Products through its labeling, Defendants prey on consumers' desire for environmentally-friendly products to drive substantial profits.

36.     All reasonable consumers, including Plaintiff, read and relied on Defendants' "Recycling" representations when purchasing the Products.

37.     Defendants' "Recycling" representation was material to Plaintiff's and Class Members' decision to purchase the Products.

38.     Defendants' marketing efforts are made in order to – and do in fact – induce consumers to purchase the Products at a premium because consumers believe they are getting products that are for "Recycling."

39.     As shown throughout this Complaint, however, Defendants' Products are ***not*** for "Recycling" products. Defendants' representations and omissions are false and misleading.

40.     Defendants intended for Plaintiff and Class Members to be deceived or mislead by their misrepresentations and omissions.

41.     Defendants' deceptive and misleading practices proximately caused harm to Plaintiff and the Class.

**CLASS ACTION COMPLAINT**

42.     Plaintiff and Class Members would not have purchased the Products or would have not paid as much for the Products, had they known the truth about the mislabeled and falsely advertised Products.

## FED. R. CIV. P. 9(b) ALLEGATIONS

43.     Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To the extent necessary, as detailed in the paragraphs above and below, Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity.

44.     **WHO:** Defendants, Reynolds Consumer Products, Inc. and Reynolds Consumer Products, LLC, made material misrepresentations and/or omissions of fact in its labeling and marketing of the Products by representing that the Products are for "Recycling" and/or failing to inform consumers that most municipalities do not accept plastic bags for recycling.

45.     **WHAT:** Defendants' conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Products are for "Recycling." Defendants omitted from Plaintiff and Class Members that the Products are not for "Recycling" because they are not recyclable at MFRs and are not suitable for the disposal of recyclable products at MFRs. Defendants knew or should have known this information is material to all reasonable consumers and impacts consumers' purchasing decisions. Yet, Defendants have and continue to represent that the Products are for "Recycling" when they are not, and have omitted from the Products' labeling the fact they are not recyclable at MFRs and are not suitable for the disposal of recyclable products at MFRs.

**CLASS ACTION COMPLAINT**

46.     **WHEN:** Defendants made material misrepresentations and/or omissions detailed herein, including that the Products are for "Recycling" continuously throughout the applicable Class period(s).

47.     **WHERE:** Defendants' material misrepresentations and omissions, that the Products are for "Recycling", were located on the very center of the front label of the Products in bold lettering surrounded by a bubble that contrasts with the background of the packaging, which instantly catches the eye of all reasonable consumers, including Plaintiff, at the point of sale in every transaction. The Products are sold in Defendants' brick and mortar stores and online stores.

48.     **HOW:** Defendants made written misrepresentations right on the front label of the Products that the Products were for "Recycling" even though they are not recyclable at MFRs and are not suitable for the disposal of recyclable products at MFRs. As such, Defendants' "Recycling" representations are false and misleading. Moreover, Defendants omitted from the Products' labeling the fact that there they are not recyclable at MFRs and are not suitable for the disposal of recyclable products at MFRs. And as discussed in detail throughout this Complaint, Plaintiff and Class Members read and relied on Defendants' "Recycling" representations and omissions before purchasing the Products.

49.     **WHY:** Defendants misrepresented their Products as being for "Recycling" and omitted from the Products' labeling the fact that they are not recyclable at MFRs and are not suitable for the disposal of recyclable products at MFRs for the express purpose of inducing Plaintiff and Class Members to purchase the Products at a substantial price premium. As such, Defendants profited by selling the misrepresented Products to at least thousands of consumers throughout the nation.

**CLASS ACTION COMPLAINT**

## CLASS ACTION ALLEGATIONS

50.     Plaintiff brings this action on behalf of herself and the following Classes pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and/or (b)(3). Specifically, the Classes are defined as:

> **National Class**: All persons in the United States who purchased the Products during the fullest period of law.

In the alternative, Plaintiff brings this action on behalf of the following State Sub-Class:

> **California Sub-Class**: All persons in the State of California who purchased the Products during the fullest period of law.

51.     Excluded from the Classes are (a) any person who purchased the Products for resale and not for personal or household use, (b) any person who signed a release of any Defendants in exchange for consideration, (c) any officers, directors or employees, or immediate family members of the officers, directors or employees, of any Defendant or any entity in which a Defendants have a controlling interest, (d) any legal counsel or employee of legal counsel for any Defendants, and (e) the presiding Judge in this lawsuit, as well as the Judge's staff and their immediate family members.

52.     Plaintiff reserves the right to amend the definition of the Classes if discovery or further investigation reveals that the Classes should be expanded or otherwise modified.

53.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** Class Members are so numerous and geographically dispersed that joinder of all Class Members is impracticable. While the exact number of Class Members remains unknown at this time, upon information and belief, there are thousands, if not hundreds of thousands, of putative Class Members. Moreover, the number of members of the Classes may be ascertained from Defendants' books and records.

13

Class Members may be notified of the pendency of this action by mail and/or electronic mail, which can be supplemented if deemed necessary or appropriate by the Court with published notice.

54. **Predominance of Common Questions of Law and Fact – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** Common questions of law and fact exist as to all Class Members and predominate over any questions affecting only individual Class Members. These common legal and factual questions include, but are limited to, the following:

    a.   Whether Defendants made the "Recycling" Representations;

    b.   Whether Defendants promoted the Products with false and misleading statements of fact and material omissions;

    c.   Whether Defendants' "Recycling" Representations are deceptive, unfair or misleading;

    d.   Whether Defendants' actions and/or omissions violate the consumer protection statutes invoked below;

    e.   Whether Defendants' conduct violates public policy;

    f.   Whether Defendants' acts, omissions or misrepresentations of material facts constitute fraud;

    g.   Whether Plaintiff and putative members of the Classes have suffered an ascertainable loss of monies or property or other value as a result of Defendants' acts, omissions or misrepresentations of material facts;

    h.   Whether Defendants were unjustly enriched at the expense of Plaintiff and members of the putative Classes in connection with the Products;

**CLASS ACTION COMPLAINT**

     i.    Whether Plaintiff and members of the putative Classes are entitled to monetary damages and, if so, the nature of such relief; and

     j.    Whether Plaintiff and members of the putative Classes are entitled to equitable, declaratory or injunctive relief and, if so, the nature of such relief.

55.    Pursuant to Rule 23(b)(2), Defendants have acted or refused to act on grounds generally applicable to the putative Classes, thereby making final injunctive or corresponding declaratory relief appropriate with respect to the putative Classes as a whole. In particular, Defendants have marketed, advertised, distributed and sold Products as "RECYCLING" products, which is false and misleading.

56.    **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of those of the absent Class Members in that Plaintiff and the Class Members each purchased and used the Products and each sustained damages arising from Defendants' wrongful conduct, as alleged more fully herein. Plaintiff shares the aforementioned facts and legal claims or questions with putative members of the Classes, and Plaintiff and all members of the putative Classes have been similarly affected by Defendants' common course of conduct alleged herein. Plaintiff and all members of the putative Classes sustained monetary and economic injuries including, but not limited to, ascertainable loss arising out of Defendants' false and deceptive recycling representations and omissions, as alleged herein.

57.    **Adequacy – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff will fairly and adequately represent and protect the interests of the members of the putative Classes. Plaintiff has retained counsel with substantial experience in handling complex class action litigation, including complex questions that arise in this type of consumer protection litigation. Further,

**CLASS ACTION COMPLAINT**

Plaintiff and her counsel are committed to the vigorous prosecution of this action. Plaintiff does not have any conflicts of interest or interests adverse to those of putative Classes.

58.     **Insufficiency of Separate Actions – Federal Rule of Civil Procedure 23(b)(1).** Absent a class action, Plaintiff and members of the Classes will continue to suffer the harm described herein, for which they would have no remedy. Even if separate actions could be brought by individual consumers, the resulting multiplicity of lawsuits would cause undue burden and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated consumers, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for Defendants. Accordingly, the proposed Classes satisfy the requirements of Fed. R. Civ. P. 23(b)(1).

59.     **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendants have acted or refused to act on grounds generally applicable to Plaintiff and all Members of the Classes, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the members of the Classes as a whole.

60.     **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available methods for the fair and efficient adjudication of the present controversy for at least the following reasons:

> a.   The damages suffered by each individual members of the putative Classes do not justify the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct;

**CLASS ACTION COMPLAINT**

b. Even if individual members of the Classes had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed;

c. The claims presented in this case predominate over any questions of law or fact affecting individual members of the Classes;

d. Individual joinder of all members of the Classes is impracticable;

e. Absent a Class, Plaintiff and members of the putative Classes will continue to suffer harm as a result of Defendants' unlawful conduct; and

f. This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and members of the putative Classes can seek redress for the harm caused by Defendants.

g. In the alternative, the Classes may be certified for the following reasons:

   i. The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudication with respect to individual members of the Classes, which would establish incompatible standards of conduct for Defendants;

   ii. Adjudications of claims of the individual members of the Classes against Defendants would, as a practical matter, be dispositive of the interests of other members of the putative Classes who are not parties to the adjudication and may substantially impair or impede the ability of other putative Class Members to protect their interests; and

**CLASS ACTION COMPLAINT**

iii. Defendants have acted or refused to act on grounds generally applicable to the members of the putative Classes, thereby making appropriate final and injunctive relief with respect to the putative Classes as a whole.

**CLAIMS FOR RELIEF**
**COUNT I**
**California's False Advertising Law**
**Cal. Bus. & Prof. Code § 17500 ("FAL")**
**(On Behalf of the California Sub-Class)**

61.     Plaintiff repeats and realleges the allegations in the previous paragraphs as if fully set forth herein.

62.     The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

63.     It is also unlawful under the FAL to disseminate statements concerning property or services that are "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *Id*.

64.     As alleged herein, Defendants committed acts of false and misleading advertising, as defined by the FAL, by using statements to promote the sale of it's the Products and making the "Recycling" representations and omissions. Defendants knew or should have known that their advertising claims have not been substantiated and are misleading and/or false.

65.     Defendants knew or should have known, through the exercise of reasonable care, that their "Recycling" representations and omissions were false and misleading and likely to deceive consumers and cause them to purchase Defendants' Products.

**CLASS ACTION COMPLAINT**

66.     Defendants' wrongful conduct is ongoing and part of a general practice that is still being perpetuated and repeated throughout the State of California and nationwide.

67.     Plaintiff suffered injury in fact as a result of Defendants' actions as set forth herein because she purchased the Products in reliance on Defendants' false and misleading "Recycling" representations and omissions.

68.     Defendants' business practices as alleged herein constitute deceptive, untrue, and misleading advertising pursuant to the FAL because Defendants' have advertised the Products in a manner that is untrue and misleading, which Defendants knew or reasonably should have known, and omitted material information from their advertising.

69.     Defendants profited from their sale of the falsely and deceptively advertised Products to unwary consumers.

70.     As a result, Plaintiff, the California Sub-Class members, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendants were unjustly enriched.

71.     Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff, on behalf of herself and the California Sub-Class, seeks an order enjoining Defendants from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in this Complaint.

**<u>COUNT II</u>**
**California's Consumer Legal Remedies Act**
**Cal. Civ. Code § 1750 et seq. ("CLRA")**
**(On Behalf of the California Sub-Class)**

72.     Plaintiff repeats and realleges the allegations in the previous paragraphs as if fully set forth herein.

**CLASS ACTION COMPLAINT**

73. The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

74. Defendants' false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Products for personal, family, or household purposes by Plaintiff and Class Members, and violated and continue to violate the following sections of the CLRA:

      a. § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have;

      b. § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

      c. § 1770(a)(9): advertising goods with intent not to sell them as advertised; and

      d. § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

75. Defendants profited from the sale of the falsely, deceptively, and unlawfully advertised Products to unwary consumers.

76. Defendants' wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

77. Plaintiff requests that this Court enjoin the Defendant from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to Cal. Civ. Code §1780. If Defendant is not restrained from engaging in these types of practices in the future, Plaintiff and other members of the Class will continue to suffer harm.

**CLASS ACTION COMPLAINT**

78.     On information and belief, Defendant's actions were willful, wanton, and fraudulent.

79.     On information and belief, officers, directors, or managing agents at Defendant authorized the use of the misleading statements about Audible.

80.     Plaintiff seeks injunctive relief only.

## COUNT III
### Violation of the False Advertising Law, California Bus. & Prof. Code § 17500 *et seq.* (On Behalf of the California Sub-Class)

81.     Plaintiff repeats and realleges the allegations in the previous paragraphs as if fully set forth herein.

82.     Plaintiff brings this claim for violation of the False Advertising Law, Bus. & Prof. Code § 17500 *et seq.* ("FAL"), on behalf of the California Sub-Class.

83.     The FAL makes it unlawful for a person, firm, corporation, or association to induce the public to buy its products by knowingly disseminating untrue or misleading statements about the Products.

84.     At all relevant times, Defendants engaged, and continue to engage, in a public advertising and marketing campaign representing that the Products are "Recycling."

85.     The Products, in fact, are not for "Recycling." Defendants' advertisements and marketing representations are, therefore, misleading, untrue, and likely to deceive reasonable consumers.

86.     Defendant engaged in its advertising and marketing campaign with the intent to directly induce consumers, including Plaintiff and the California Sub-Class members, to purchase the Products based on false and misleading claims.

**CLASS ACTION COMPLAINT**

87.    In making and disseminating the statements alleged herein, Defendant knew or should have known the statements were untrue or misleading.

88.    Plaintiff and the California Sub-Class members believed Defendants' representations that the Products are for "Recycling." Plaintiff and the California Sub-Class members would not purchase the Products if they knew the Products were not for "Recycling."

89.    Plaintiff and the California Sub-Class members are injured in fact and lose money as a result of Defendants' conduct of improperly describing the Products as being for "Recycling." Plaintiff and the California Sub-Class members pay for Products that are for "Recycling," but do not receive such Products.

90.    The Products Plaintiff and the California Sub-Class members receive are worth less than the Products for which they pay. Plaintiff and the California Sub-Class members pay a premium price on account of Defendants' misrepresentations that the Products are for "Recycling."

91.    Plaintiff and the California Sub-Class members seek declaratory relief, injunctive relief enjoining Defendants from continuing to disseminate its untrue and misleading statements, and other relief allowable under Business and Professions Code section 17535.

**COUNT IV**
**Violations of the Illinois Consumer Fraud and**
**Deceptive Business Practices Act**
**815 Ill. Comp. Stat. §§ 505,** *et seq.*
**(On behalf of the Nationwide Class)**

92.    Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs as if fully set forth herein.

93.    Plaintiff brings this claim individually and on behalf of the Nationwide Class.

**CLASS ACTION COMPLAINT**

94.     The Illinois Consumer Fraud and Deceptive Business Practices Act (the "ICFA"), 815 ILCS 505/1, et seq., prohibits the use of unfair or deceptive business practices in the conduct of trade or commerce. The ICFA is to be liberally construed to effectuate its purpose.

95.     Plaintiff and other members of the Nationwide Class, as purchasers of the Products, are consumers within the meaning of the ICFA given that Defendants' business activities involve trade or commerce, are addressed to the market generally and otherwise implicate consumer protection concerns.

96.     Defendants knowingly concealed, suppressed, and consciously omitted material facts to Plaintiff and other members of the Nationwide Class knowing that consumers would rely on the advertisements and packaging to purchase the Products.

97.     Plaintiff and the other Nationwide Class members reasonably relied upon Defendants' representations and omissions.

98.     Defendants' conduct, as described herein, took place, in part, within the State of Illinois in that that is where the packing was created and disseminated from, and constitutes unfair or deceptive acts or practices in the course of trade and commerce, in violation of 815 ICFA 505/1, et seq.

99.     Defendants violated the ICFA by, *inter alia*, representing that the Products have characteristics or benefits that they do not have. 815 ILCS § 505/2; 815 ILCS § 510/2(7).

100.    Defendants advertised the Products with intent not to sell them as advertised, in violation of 815 ILCS § 505/2 and 815 ILCS § 510/2(9).

101.    Defendants engaged in fraudulent and/or deceptive conduct which creates a likelihood of confusion or of misunderstanding in violation of 815 ILCS § 505/2; 815 ILCS § 510/2(3).

102.    Defendants engaged in misleading and deceptive advertising that represented that the Products were for "Recycling." Defendants chose to label the Products in this way to impact consumer choices and gain market dominance, as they are aware that all consumers who purchased the Products would be impacted by its omissions and would reasonably believe Defendants' false and misleading "Recycling" representations and omissions.

103.    Defendants intended that Plaintiff and each of the other Nationwide Class members would reasonably rely upon the material omissions concerning the true nature of the Products.

104.    Defendants' concealment, omissions and other deceptive conduct were likely to deceive and cause misunderstanding and/or in fact caused Plaintiff and each of the other Nationwide Class members to be deceived about the true nature of the Products.

105.    As a direct and proximate result of Defendants' violations of the ICFA, as set forth above, Illinois Plaintiff and the Nationwide Class members have suffered ascertainable loss of money caused by Defendants' omissions.

106.    Had they been aware of the true nature of the Products, Plaintiff and Nationwide Class members either would have paid less for the Products or would not have purchased them at all.

107.    Plaintiff and the Nationwide Class members are therefore entitled to relief, including restitution, actual damages, treble damages, punitive damages, costs and attorney's fees, under sections 815 ILCS 505/10a of the ICFA. Plaintiff and the Nationwide Class members are also entitled to injunctive relief, seeking an order enjoining Defendants' unfair and/or deceptive acts or practices.

**CLASS ACTION COMPLAINT**

## COUNT V
### Violations of the Illinois Uniform Deceptive Trade Practices Act
### ILCS §§ 510/2, *et seq.*
### (On behalf of the Nationwide Class)

108. Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs as if fully set forth herein.

109. Plaintiff brings this claim individually and on behalf of the Nationwide Class for violations of the Illinois Uniform Deceptive Trade Practices Act, ILCS §§ 510/2, *et seq.*

110. Defendants constitutes a "person" as defined by 815 ILCS §§ 510/1(5).

111. Defendants engaged in deceptive trade practices in the conduct of their business, in violation of 815 ILCS §§ 510/2(a), including:

    a. Defendants represented to Plaintiff and the Nationwide Class that the Products had approval or characteristics that they did not have;

    b. Defendants represented to Plaintiff and the Nationwide Class that the Products were of a particular standard, quality, or grade when they were actually of another;

    c. Defendants advertised to Plaintiff and the Nationwide Class goods with intent not to sell them as advertised;

    d. Defendants engaged in other fraudulent or deceptive conduct creating a likelihood of confusion or misunderstanding; and

    e. Defendants represented that consumers' purchases of the Products conferred or involved rights that the transactions did not have or involve.

112. The facts that Defendants misrepresented, concealed, suppressed or omitted the "Recycling" representations and omissions as alleged above were material, in that such facts are

**CLASS ACTION COMPLAINT**

the type of information upon which a reasonable consumer is expected to rely in making a decision of whether to purchase Defendants' Products.

113.    Defendants' misrepresentation, concealment, suppression and omission of material facts as alleged above creates a likelihood of deception and was likely to deceive a consumer acting reasonably in the same circumstances.

114.    Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

115.    The above unfair and deceptive practices and acts by Defendants were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to Plaintiff and Nationwide Class members that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

116.    As a direct and proximate result of Defendants' deceptive acts and practices, Plaintiff and Nationwide Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing Defendants' Products.

117.    Plaintiff and Nationwide Class members seek all monetary and non-monetary relief allowed by law, including injunctive relief and reasonable attorney's fees

## COUNT VI
### Fraud
### (On Behalf of the Nationwide Class)

118.    Plaintiff repeats and realleges the allegations in the previous paragraphs as if fully set forth herein.

119.    Plaintiff brings this cause of action on behalf of themselves and the Nationwide Class.

120.     As alleged herein, Defendants knowingly made material misrepresentations and omissions regarding the Products on the Products' labeling and packaging in the Products' advertisements, and/or on its website, specifically the "Recycling" representations and omissions alleged more fully herein.

121.     Defendants made these material "Recycling" representations and omissions in order to induce Plaintiff and putative Nationwide Class Members to purchase the Products.

122.     Defendants knew the "Recycling" representations and omissions regarding the Products were false and misleading but nevertheless made such representations through the marketing, advertising and on the Products' labeling.

123.     In reliance on these "Recycling" representations and omissions, Plaintiff and putative Nationwide Class Members were induced to, and did, pay monies to purchase the Products.

124.     Had Plaintiff and the Nationwide Class known the truth about the Products, they would not have purchased the Products.

125.     As a proximate result of the fraudulent conduct of Defendants, Plaintiff and the putative Nationwide Class paid monies to Defendants, through their regular retail sales channels, to which Defendants are not entitled, and have been damaged in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated members of the Classes, pray for relief and judgment, including entry of an order:

A.   Declaring that this action is properly maintained as a class action, certifying the proposed Class(es), appointing Plaintiff as Class Representative and appointing Plaintiff's counsel as Class Counsel;

B.   Directing that Defendants bear the costs of any notice sent to the Class(es);

**CLASS ACTION COMPLAINT**

C. Declaring that Defendants must disgorge, for the benefit of the Class(es), all or part of the ill-gotten profits they received from the sale of the Products, or order Defendants to make full restitution to Plaintiff and the members of the Class(es);

D. Awarding restitution and other appropriate equitable relief;

E. Granting an injunction against Defendants to enjoin them from conducting their business through the unlawful, unfair and fraudulent acts or practices set forth herein;

F. Granting an Order requiring Defendants to fully and appropriately recall the Products and/or to remove the claims on its website and elsewhere, including the "Recyclable" representations regarding the Products;

G. Ordering a jury trial and damages according to proof;

H. Enjoining Defendants from continuing to engage in the unlawful and unfair business acts and practices as alleged herein;

I. Awarding attorneys' fees and litigation costs to Plaintiff and members of the Class(es);

J. Awarding civil penalties, prejudgment interest and punitive damages as permitted by law; and

K. Ordering such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury of all claims in this Complaint so triable.

Dated: July 6, 2022                  Respectfully submitted,

                                         REESE LLP

                                         */s/ Michael R. Reese*
                                         Michael R. Reese (SBN 206773)
                                         100 West 93rd Street, 16th Floor
                                         New York, New York 10025
                                         Telephone: (212) 643-0500
                                         Email: mreese@reesellp.com

                                         *Attorneys for Plaintiff and Putative Class Members*